IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

MARK MISER,                                )
                                           )
                    Petitioner,            )       Case No. CV04-0357-S-LMB
                                           )
vs.                                        )       **ORDER**
                                           )
LAWRANCE WASNED,                           )
                                           )
                    Respondent.            )
_____            )

       Pending before the Court in this habeas corpus action are Respondent's Motion for Summary Dismissal (Docket No. 11) and Petitioner's Motion to Amend Petition (Docket No. 17).  Both parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case, in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  Having carefully reviewed the record and having considered the parties' arguments, the Court enters the following Order.

## I.

## MOTION FOR SUMMARY DISMISSAL

### A.    Standard of Review

       Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the

**ORDER - 1**

district court."   In such case, the Court construes the facts in a light most favorable to the petitioner.

**B.    Discussion**

Petitioner was convicted of disturbing the peace (Idaho Code § 18-6409)[1] in the Sixth Judicial District, Power County, Idaho, on January 18, 2001.  He received a sentence of six months, which he completed on July 17, 2001.  Petitioner pursued both a direct appeal and a post-conviction action in the state courts.  His petitions for review in both cases were denied by the Idaho Supreme Court.  At the time he filed the present federal Habeas Corpus Petition, he was serving a drug trafficking sentence, but he had completed the disturbing the peace sentence nearly three years earlier.  *See State Court Record* (Docket No. 10) and *Supplemental State Court Record* (Docket No. 25).

Respondent argues that the Court lacks jurisdiction to hear Petitioner's Petition because he had already served his sentence at the time he filed the Petition.  Petitioner's sentence for the conviction of disturbing the peace ended July 17, 2001.  Petitioner filed his federal Habeas Corpus Petition on July 7, 2004, three years after his conviction ended.

In order for a federal court to have jurisdiction over a matter, the petitioner must show that a case or controversy exists at every stage of a judicial proceeding.  *Spencer v.*

---

[1]This section was recently declared facially unconstitutional by the Idaho Court, as it relates to its attempt to regulate pure speech other than fighting words.  *See State v. Poe*, 88 P.3d 704 (Idaho 2004).  However, the Court also held that, as applied to Mr. Poe, who had used fighting words, it did not require reversal of his conviction.  Similarly, Petitioner's case involved physical touching as well as fighting words.  *See State Court Record*, Exhibit A-1 (Docket No. 10).

**ORDER - 2**

*Kemna*, 523 U.S. 1, 7 (1998).  A habeas corpus action is an extremely particularized type of action.  This Court has subject matter jurisdiction in habeas corpus actions *only* when the petitioner is a person who is "in custody pursuant to the judgment of a State."  28 U.S.C. § 2254(a).  While collateral consequences of a conviction may be enough to allow a Court to *continue* to adjudicate a claim if the Petitioner filed the habeas petition during the sentence but completed the sentence before adjudication of the claims,  "the collateral consequences of that conviction 'are not themselves sufficient to render an individual 'in custody' for the purposes of [*initiating*] a habeas attack upon it."  *Maleng v. Cook*, 490 U.S 488, 492 (1989).

The Ninth Circuit identified two exceptions to this rule in *Brock v. Weston*, 31 F.3d 887 (9th Cir. 1994).  A prior completed sentence can be challenged if, *at the time of the filing* of the habeas petition, the petitioner was incarcerated (1) on another current sentence that is the result of an enhancement based upon the completed conviction, or (2) on another current sentence if there is a "positive and demonstrable nexus" between the prior conviction and the current sentence.[2]  *Id.* at 890.

---

[2]For example, in *Brock v. Weston*, the court determined that there was a positive and demonstrable nexus between Brock's prior expired conviction for second degree assault and his current commitment as a sexually violent predator, because the prior act was a "necessary predicate to the confinement" as a sexually violent predator.  31 F.3d at 890.  Similarly, in *Lowery v. Young*, 887 F.2d 1309, 1312 (7th Cir. 1989), the court determined that there was a sufficient nexus between prior Georgia convictions and a current Wisconsin sentence, where the petitioner's 30-year Wisconsin sentence for being a habitual offender was determined, in part, on the basis of the prior Georgia convictions.

**ORDER - 3**

In this case, Petitioner was in custody only for a drug trafficking conviction at the time he filed his Petition challenging the prior completed sentence. Nothing in the record shows that either of the *Brock v. Weston* exceptions applies to allow the Court to consider the prior completed sentence as a result of the drug trafficking conviction. The second sentence is not an enhancement that occurred as a result of the first conviction, and there is not a positive and demonstrable nexus between the two convictions and sentences.

After *Brock v. Weston*, the United States Supreme Court recognized a third exception. In *Garlotte v. Fordice*, 515 U.S. 39, 45-56 (1995), the Court held that an inmate can challenge a prior conviction if he is still serving time on a consecutive sentence at the time of filing. In *Ford v. Commissioner of Correction*, 758 A.2d 853, 856 (Conn. Ct. App. 2000), the court determined that *Garlotte* is not implicated where the sentences are concurrent. This Court agrees with *Ford*'s reasoning and conclusion.

Here, Plaintiff's sentence for his disturbing the peace conviction began on January 18, 2001, and ended on July 18, 2001. Plaintiff's drug trafficking sentence began on July 1, 2001 (with credit for time served granted from December 9, 2000), and he has since been released from physical custody. Nothing in the supplemental records submitted by Respondent shows that these sentences were consecutive or, in other words, that the drug trafficking sentence was not scheduled to begin until after the disturbing the peace sentence ended. *See Supplemental State Court Records* (Docket No. 25). Rather, it is

**ORDER - 4**

clear that from July 1, 2001 to July 18, 2001, the sentences overlapped and were thus concurrent.

Because none of the exceptions allowing the Court to hear Petitioner's Petition apply, the Court lacks subject matter jurisdiction.  The Petition is therefore dismissed.  As a result of the lack of jurisdiction, the Court does not address Respondent's alternative arguments for dismissal on other grounds.

## II.

### PETITIONER'S MOTION TO AMEND

Petitioner wishes to amend his Petition to assert that the second conviction that he was serving at the time he filed his Habeas Petition was related to the prior completed conviction.  The Court has already considered whether the convictions were related, as in *Brock* and *Lowery* (see fn.2), and has rejected that argument (see p. 4).  The Court shall deny the Motion to Amend as futile because amendment would not provide a basis for subject matter jurisdiction.

**ORDER - 5**

## III.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion for Summary Dismissal (Docket No. 11) is GRANTED.  The Petition is dismissed with prejudice for lack of subject matter jurisdiction.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion to Amend Petition (Docket No. 17) is DENIED.



DATED:  **June 15, 2005**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

**ORDER - 6**